**Nellie ANDREAS, Plaintiff—Appellant,**

v.

**WAL–MART STORES, INC,**
**Defendant—Appellee.**

No. 00–35996.

D.C. No. CV–99–01901–BJR.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2002.*

Decided June 10, 2002.

Before BRUNETTI, TROTT, and MCKEOWN, Circuit Judges.

MEMORANDUM**

Nellie Andreas (Andreas) appeals the district court's judgment after entry of a jury verdict against her on all claims in a negligence action against Wal–Mart Stores (Wal–Mart). We have jurisdiction, and we affirm. Because the facts and procedural history are familiar to the parties, we do not recount them here.

Andreas appeals two evidentiary rulings by the district court. To reverse on the basis of an evidentiary ruling, we must conclude not only that the district court abused its discretion, but also that the error was prejudicial. *See Freeman v. Allstate Life Ins. Co.,* 253 F.3d 533, 536 (9th Cir.2001). Prejudice means that, more probable than not, the district court's error tainted the jury verdict. *See Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 688 (9th Cir.2001).

Andreas claims it was error to admit evidence of negative business records without first requiring the proper foundation. Andreas fails, however, to demonstrate any resulting prejudice, even if the proper foundation were not laid. Accordingly, we hold that this issue does not merit reversal.

Andreas further asserts it was error to exclude evidence of subsequent remedial measures allegedly implemented by Wal–Mart after Andreas's accident. *Fed. R.Evid.* 407 clearly bars this type of evidence. Although Andreas now argues it was admissible to impeach the testimony of Wal–Mart's witness, she failed to invoke this exception at trial. Moreover, it is difficult to see how Wal–Mart's alleged subsequent remedial measures would serve to impeach testimony that Wal–Mart's accident files showed no other similar accidents had occurred.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

598

Because Andreas has failed to demonstrate resulting prejudice from Wal–Mart's alleged failure to lay a proper foundation, and because she has failed to justify the admission of subsequent remedial measures evidence, we affirm the ruling of the district court on both points.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.